UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

OSMAR ENRIQUE GARCIA XULU,

Petitioner,

v.

CHRISTOPHER LaROSE; MARKWAYNE MULLIN; TODD BLANCHE; TODD M. LYONS; and JESUS ROCHA,

Respondents.

Case No.: 3:26-cv-6102-JES-GC

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 7]**

Before the Court is Petitioner Osmar Enrique Garcia Xulu's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 7. Pursuant to the Court's OSC order (ECF No. 9), Respondents filed a return. ECF No. 11.

Petitioner is a native of Guatemala who came to the United States without inspection on October 23, 2013. ECF No. 7 at 2. He lived in Virginia with an uncle. *Id.* In 2016, Petitioner was arrested for a misdemeanor DUI in Virginia. *Id.* After he was released from state jail, he was taken into immigration custody and put into removal proceedings. *Id.*; ECF No. 11-1 at 4 (noting that on April 11, 2016, Petitioner was served with a Notice to Appear). Petitioner was released from immigration detention at that time, though there is

some ambiguity in the briefing regarding his release. Petitioner alleges that he was released on an immigration bond that his family paid. ECF No. 7 at 2. Respondents state in their return that Petitioner was previously freed from immigration custody on parole under 8 U.S.C. § 1182(d)(5). ECF No. 11 at 2. Neither party provides independent documentation stating the exact type of parole under which Petitioner was released. Subsequently, on August 27, 2024, Petitioner appears to have been granted administrative closure of his removal proceedings. ECF No. 11-1 at 4. Petitioner also alleges that he has a valid driver's license and work authorization. ECF No. 7 at 2-3. Petitioner was re-detained on August 12, 2026, when he was the passenger in the car of a noncitizen that appears to have been the target of immigration surveillance. ECF No. 7 at 3; ECF No. 11-1 at 3-4. He alleges that he was not presented with any warrant for the arrest or documentation that his prior release had been revoked. ECF No. 7 at 3.

In their return, because Respondents state that Petitioner had previously been released pursuant to parole under 8 U.S.C. § 1182(d)(5), they acknowledge that courts have previously ordered release on this ground, and "defer to the Court as to the appropriate relief." ECF No. 11 at 2-3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Both Petitioner and Respondents agree in their briefing that Petitioner had been previously released from immigration detention in 2016 on some form of parole or release. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Mohammadi v. Larose*, No. 3:25-CV-3450-JES-BJW, 2025 WL 3731737, at *3 (S.D. Cal. Dec. 26, 2025); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained.

The Parties are **ORDERED** to file a Joint Status Report by **November 19, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Honorable James E. Simmons Jr.
United States District Judge